DISHER v. SOUTH CAROLINA & GEORGIA R. R. CO.

1. NEW TRIAL—JUROR.—Motion to suspend appeal to permit appellant to move below for new trial on ground that a juror was not a registered elector refused, for reasons given in Mew *v.* R. R., *ante.*

2. EVIDENCE—PHYSICIANS.—Whether plaintiff spoke bitterly of his doctor, or had discharged him, would not tend to prove that his permanent injury was the result of improper treatment by his physician.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—A CHARGE as to contributory negligence, that plaintiff "would not be barred if injury was caused by negligence of defendant," not reversible error, when the jury are explicitly instructed that negligence of plaintiff will not bar the action if negligence of defendant was the direct and proximate cause of the injury.

4. IBID.—IBID.—CHARGE.—While an instruction to the effect that contributory negligence would not defeat the action, if it could have been avoided by reasonable care and prudence by defendant, is not accurately correct, yet it is not prejudicial error, where the jury in the main charge is specifically instructed that contributory negligence, if a proximate cause of the injury, would defeat the action.

5. RAILROADS.—Circuit Judge did not rule whether Rev. Stat., 1684, required the train to stop at the crossing to let off passengers, or to avoid collision, and his failure to do so was not error.

Before BUCHANAN, J., Charleston, February, 1898.    Affirmed.

Action for damages by Thomas G. Disher against South Carolina and Georgia R. R. Co.    From judgment for plaintiff, defendant appeals.

*Mr. Joseph W. Barnwell,* for appellant, cites: *Rules as to contributory negligence:* 11 East., 60; 10 M. & W., 546; 15 S. C., 443; 23 S. C., 531; 51 S. C., 222.    *Statutes regulating crossings:* Rev. Stat., 1684; 33 S. C., 136; 18 S. E. R., 119.

*Messrs. Legare & Holman,* contra, cite: *Incompetent testimony not objected to when offered becomes competent:* 14 S. C., 502; 20 S. C., 343; 21 S. C., 323; 24 S. C., 592; 48 S. C., 136; 51 S. C., 58.    *Defendant responsible if physician was incompetent:* 1 Strob. L.; 525.    *Exception too general in form, and will not be considered:* 51 S. C., 488, 534, 55; 44 S. C., 485.

May 15, 1899.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This is an action by a passenger for personal damages alleged to have been sustained through the negligence of the railroad company.    The defense was a general denial and contributory negligence.    The trial resulted in a judgment for the plaintiff, from which the defendant now appeals.

As in the case of *Mew* v. *Charleston & Savannah Railway, ante,* heard at the same term, a motion was made to

suspend this appeal, and allow defendant to move the Circuit Court for a new trial on the ground that certain jurors were not legal jurors, because not registered as electors in the County of Charleston, but for reasons stated in the opinion in that case, the motion is refused.

The first and second exceptions assign error to the ruling of the Circuit Judge in reference to the testimony: (1) in excluding the testimony of the witness, T. M. Canlon, that plaintiff spoke very bitterly against Dr. Lockwood; (2) in excluding the answer to the following question asked of the witness, T. M. Canlon: "Did he (the plaintiff) or did he not tell you that he had discharged his doctor?" On the ground that such testimony and such question was competent and relevant to show in diminution of damages and in support of the testimony of plaintiff's witness, Dr. Baker, that the injury to plaintiff was made permanent through the failure of his own physician to properly attend to the injury. The record shows the following in reference to this matter: "Q. What did he (plaintiff) say about his injury, and the way he had been treated? A. He spoke very biterly against Mr. Lockwood. (Objection by counsel for plaintiff sustained.) Q. Did he, or did he not, tell you that he had discharged his doctor? (Objected to. Objection sustained.)" Neither the ground of objection nor the ground of the ruling appears. As to the first matter, the testimony alleged to have been excluded was introduced previous to any objection; as to the second matter, the question was objectionable as leading. But waiving these technical grounds, the testimony was wholly irrelevant to any issue raised in the case. Whether plaintiff spoke bitterly against Dr. Lockwood, or whether he discharged his doctor, would not even tend to prove that his injury was made permanent by improper treatment of his physician.

The third exception is as follows: "3. Because, it is respectfully submitted, his Honor erred in charging the jury that the Supreme Court had declared that even 'if there was

negligence on the part of the plaintiff in putting himself in a dangerous position, he would not be barred, if injury was caused by negligence of defendant;' whereas it is submitted that what the Supreme Court did declare in the case of *Martin* v. *Southern Railway*, 51 S. C., 150, was 'that even if there was negligence on the part of plaintiff in placing himself in a dangerous position, it will not bar his right to recover damages, if the injury was caused directly and proximately by the negligence of the defendant.' " It appears that the Circuit Judge was reading to the jury from 51 S. C., 156, wherein this Court said: "In the case of *Washington & G. R. Co.* v. *Tobriner,* 13 Sup. Ct., 557, it was decided that, even if there was negligence on the part of plaintiff in placing himself in a dangerous position, it will not bar his right to recover damages, if the injury was caused directly and proximately by the negligence of the defendant." If correctly reported, the Judge did not read accurately from the opinion in Martin *v.* Railway; but we do not think appellant was prejudiced thereby, since the jury were clearly instructed that if plaintiff's negligence contributed as a proximate cause to his injury, he could not recover. At appellant's request, he charged explicitly, "That if the jury find from the evidence that the railroad company was negligent, they are nevertheless not authorized to find for plaintiff, if they find that plaintiff himself was not exercising the care which a prudent person would have exercised under the circumstances proved, and that but for such want of care on the part of the plaintiff, the injury would not have occurred." He further charged: "If the jury find from the evidence that the plaintiff was injured, as alleged in the complaint, and that the negligence of the defendant was the proximate cause of such injury, then the verdict should be for the plaintiff, unless the jury find from the evidence that the plaintiff did not use ordinary care on the occasion of his injury having reference to the surrounding circumstances." Again he charged: "Where the plaintiff has contributed to the accident to the extent of furnish-

ing a proximate cause thereof, the defendant is exempt from liability, &c."

The fourth ground of appeal is as follows: "Because his Honor, it is respectfully submitted, erred in charging the jury as follows, to wit: 'This request means this: That when the employee's want of care (and here in place of employee you can say plaintiff, in place of master, put corporation, putting one for the other,) is the immediate and proximate cause of the injury, the master or corporation cannot be held liable, even though the master or corporation may have been negligent; but if the testimony shows that the master or corporation, by the exercise of reasonable care and prudence, might have avoided the consequences of the injured person's carelessness, then the contributory negligence of the employee will not of itself defeat the action, and relieve the master or corporation from liability. And the jury must determine whether or not the plaintiff's negligence, or the defendant's negligence, was the immedate or proximate cause of the injury, and whether or not the consequences of the plaintiff's carelessness, if such there was, might have been avoided by the exercise of reasonable care and prudence by the defendant. You can well imagine that a man might carelessly cross, or attempt to cross, a crowded thoroughfare, and while doing so, carelessly, might be run over and injured by some persons driving a carriage. In such a case, if it came into Court, the jury would have to determine whether the injury was proximately caused by his own carelessness, or by the reckless driving of the carriage. Because, even though he might have been reckless, still, if the injury could have been avoided by the careful driving of the carriage, then the proximate cause of the injury would be the reckless driving of the carriage, and the contributory negligence in that case would not defeat the action.' Whereas, it is submitted that this question, from the case of *Farley* v. *Basket and Veneer Co.,* 51 S. C., 222, is not a correct statement of the law of South Carolina as applied to the testimony in this case." This ex-

ception is too general, and is not entitled to be considered by this Court, under the rule requiring a specific assignment of error.    But considering the charge objected to in connection with the whole charge, we are not satisfied that there was such prejudicial error as to justify reversal.    The Circuit Judge was again inaccurate in his reading from the opinion in *Farley* v. *Veneer Co.*, 51 S. C., 236, 237, in attributing to this Court language used by the Judge presiding at the trial of that case on Circuit, which was approved by this Court after explanation, and we would have been better satisfied if Judge Buchanan had used the explanatory language of Mr. Justice Gary, who wrote the opinion, as follows: "If the plaintiff was guilty of negligence to such a degree that it was the proximate and immediate cause of the injury, even if there was also negligence on the part of the defendant, he would not be entitled to a recovery.    On the other hand, if the defendant was guilty of such negligence as was the proximate and immediate cause of the injury, the plaintiff would be entitled to a recovery, even though he was also guilty of negligence, provided his negligence was not a proximate and immediate cause of the injury.    If the plaintiff was guilty of negligence, which was not the proximate cause of the injury, and the proximate cause of the injury was the failure of the defendant to exercise reasonable care and prudence to avoid the injury, the plaintiff would be entitled to recover."    The law is well settled that contributory negligence by the injured person will always defeat his recovery.    But to constitute contributory negligence, the negligence must be not a *remote* cause in the chain of circumstances resulting in the injury, but must be a *proximate* cause of the injury.    As negligence is not actionable, unless it be a proximate cause of injury, so negligence is not matter of defense unless it contributes to the injury as a proximate cause.    While, therefore, it was not accurate in the charge complained of to speak of contributory negligence that would not defeat the action, yet when the whole charge is considered, it is manifest that the jury were left to determine whether the alleged

contributory negligence of the plaintiff was a proximate cause of his injury, and the jury were plainly instructed that such contributory negligence, if a proximate cause of the injury, would prevent a recovery.

The fifth exception is as follows: "Because it is respectfully submitted that his Honor erred in charging the jury as follows, to wit: 'Well, where the law prescribes that certain things shall be done, as where a train shall stop at any particular place, it means for a reasonable time, such a time as under all the facts and circumstances would have been sufficient to accomplish the purpose the law had in view requiring that enactment.' Whereas, it is submitted that the enactment requiring that the train should stop at the crossing mentioned in the testimony was not intended for the protection of passengers getting off or on the train, but for the purpose of avoiding collisions between trains; and the charge of the Judge tended to influence the jury to the injury of defendant." The Circuit Judge did not rule, and so far as appears was not called on to rule, whether the enactment (Rev. Stat., 1684,) requiring that a train should stop at the crossing mentioned, was not intended for the protection of passengers getting off or on the train, but for the purpose of avoiding collisions between trains. He merely charged in effect that whatever the purpose of the law in requiring such stopping at a particular place, the time of stopping must be sufficient to accomplish that purpose. In this we see no error.

The judgment of the Circuit Court is affirmed.