## WILSON v. SOUTHERN RAILWAY.

1. CONTRIBUTORY NEGLIGENCE.—Definitions of contributory negligence given by Judge in different parts of his charge here complained of, are in substantial accord with the definitions thereof by this Court.
2. RAILROADS—CONDUCTORS—ENGINEERS.—Under rules giving conductor control of movement of trains, but giving engineer right to disregard his orders if contrary to rules or dangerous to person or property, engineer is not responsible for movements of train by order of conductor contrary to orders, where the conductor has been especially appointed pilot of the engineer for the trip, he not being acquainted with the road or the trains running thereon.
3. IBID.—IBID.—NEGLIGENCE.—The conductor is the representative of the company in running a train, and if injury is caused by his negligence in performing his duties, the company is liable.
4. IBID.—IBID.—IBID.—CONSTITUTION.—Any implied agreement to release the company from liability to engineer for negligence of conductor by working under a rule providing that the engineer was jointly liable with conductor for the movements of the trains is null and void under section 15, article IX., of Constitution of 1895,
5. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—A servant is not generally guilty of contributory negligence by obeying the instructions of a representative of the master on the spot, although such obedience disregards a rule of the master, and in so obeying he has the assurance of the master that he may safely proceed to the work assigned him.

Before KLUGH, J., Abbeville, May, 1905.    Affirmed.

Action by W. A. Wilson against Southern Railway.    So much of the charge as pertains to the questions raised is:

"The defendant answers the complaint by denying, first of all, that it was negligent, and alleges that the injury to the plaintiff, if he suffered injury, was caused by his own negligence solely, and in addition to that alleges that whatever injury the plaintiff may have sustained was caused by acts of his of a negligent character, which, in connection with the facts that he alleges in his complaint as constituting the negligence of the defendant, contributing along with those alleged facts or acts of negligence, caused his injury.    As an

31—73

affirmative defense the defendant relies upon the doctrine or defense of contributory negligence. If the defendant was not negligent at all, then as a matter of course the plaintiff would not be entitled to be compensated at the expense of the defendant. If the plaintiff suffered injury and it was the result solely of his own negligence or carelessness, as a matter of course he cannot claim compensation from the defendant for injury caused by such cause as that, his own negligence.

"Where two persons are in fault, and one suffers injury because of the joint fault of both, the law will not allow him to recover from the other in damages by reason of that injury, because that would amount to allowing a person to reap the benefit from his own wrong; and so that is the principle underlying the doctrine of contributory negligence. Where a person is negligent, and his negligence results in injury to another person, yet if that other person is also negligent at the same time, and his negligence concurs with the negligence of the person whose negligence causes injury, and, concurring with it, contributes to the injury, so that it becomes a proximate and immediate or direct cause of the injury, so that he would not have been injured if he had not himself been negligent, although the other party may also have been negligent; under those circumstances the law will not allow him to recover damages for his injury, from the other party. So that is what is meant by the doctrine of contributory negligence, the defense of contributory negligence. * * *

"Negligence scarcely needs a definition. It means the failure of a person to exercise due care or prudence. The absence of due care is the briefest, as well as perhaps the clearest, definition of negligence. Expressed more fully, it is the failure of a person to do that which a person of ordinary prudence would do under the circumstances, or the doing of that which under similar circumstances a person of ordinary prudence would not do. It is either positive or negative; the doing of a careless thing or the failing to do a

careful thing or a prudent thing. In this case, if the plaintiff suffered injury, and if his injury was caused solely by the negligence of the defendant in the particulars set out in the complaint in reference to the running of this train and the giving of orders, the directions of the conductor as the agent of the defendant, and the other particulars set out in the complaint; if he was injured by those acts of the defendant, and if those acts were the acts of the railroad company, which failed, under the circumstances of the situation, to exercise the care which an ordinarily prudent railroad company would exercise, then the plaintiff is entitled, if he suffered injury from that negligence, to be compensated for it. If the plaintiff was not injured by any negligence of the defendant, or the defendant was not negligent in the particulars alleged in the complaint, then the plaintiff is not entitled to recover from the defendant, although he may have suffered injury. Or, on the other hand, if his injury was caused solely by his own negligence, which is another contention of the defendant, then he is not entitled to recover damages from the defendant for his own fault. And, in like manner, if the defendant was negligent—if the railroad company was negligent in the particulars alleged in the complaint, and if plaintiff was also negligent in the particulars in which the defendant in his answer alleges, and his negligence, along with the negligence of the defendant, both combining together, caused the injury, and if the injury would not have been caused to him, even by the negligence of the defendant, unless he also had been negligent, and his negligence contributed as a direct or proximate cause of the injury, then that would make a case of contributory negligence, where the plaintiff would not be entitled to recover damages from the defendant. * * *

"Both the defendant and the plaintiff have requested me to charge you certain propositions of law, and in so far as they are sound and applicable to the case, I will give them to you, and it is my pleasure to do so. They are given to you,

of course, as much a part of the instructions of the Court as anything else.

"First of all, on the part of the defendant, I am requested to charge you that, 'as a general rule, the conductor of a train is the representative of the master, the railroad company, and has control over the management of the train, and for his negligence the company is ordinarily responsible to an inferior servant injured thereby. This rule, however, does not apply where the company by reasonable rules received by its employees and acted upon by them, has imposed a joint duty upon such conductor and such inferior servant, and the injury to the latter is caused by the concurrent negligence of both.' The first part of that proposition is a general rule of law, that is, that the conductor is in control of the train, and all of the other employees are subject to his directions, and that the company will be responsible for the injury to any of the other employees that results through the negligence of the conductor in giving orders, because the conductor is the immediate representative of the company itself, and orders from him are orders given by the company. If the company establishes a rule for its employees and acquaints them with the provisions of the rule, and that rule imposes upon the conductor and some other employee a joint duty, and they proceed in the discharge of that duty and are jointly negligent in the performance of the duty, as a matter of course, if one of them is injured he cannot recover because of the negligence of the conductor or the other party, provided his own negligence did contribute as a proximate cause of the injury, and that is the meaning of this instruction, and I so charge you. It is really a part of the general doctrine of contributory negligence.

" '2. If the iury believe from the evidence that the plaintiff at the time of his alleged injury was acting under the rules herein set forth, and that such rules are reasonable, I charge you that the plaintiff as engineman and the conductor of his train were jointly responsible for the movement of his train, and the defendant is not responsible for damages inflicted

upon him as the result of the joint and concurrent negligence
of the plaintiff and his conductor.' And then it sets out the
rules upon which the defendant relies for that instruction, to
wit: 'Rule 204. Train orders must be addressed to those
who are to execute them, naming the place at which each is
to receive his copy. Those for a train must be addressed
to the conductor and engineman, and also to any one who
acts as his pilot. A copy for each person addressed must be
supplied by the operator.' And then Rule 502. 'They (en-
ginemen) are jointly responsible with the conductor for the
movement and protection of their trains in accordance with
the rules; and while they must obey all proper orders by the
conductor or others as provided by the rules, they are indi-
vidually responsible for the observance of rules relative to
their duties, and must decline to obey any order by the
conductor or any other person which involves the violation
of such rules, or peril to persons or property.' And special
Rule L. 'Conductors and enginemen are required to consult
with each other and have a thorough understanding as to
their meeting points.' Under those rules the responsibility
still rests upon the conductor to give orders for the movement
of the train and the management of the train, and while the
rule does impose upon any other employee and especially the
engineman, the duty to decline to obey an order which in-
volves the violation of the rules, or which, apparently or
palpably exposes either persons or proprety to peril, still the
rule entails or imposes upon the engineer the duty of obeying
the orders of the conductor, where the orders are proper
orders, by the very terms of the rule. So that, after all, it
becomes a question for you to determine, if the question
arises in this case, as to whether the engineer obeyed the
order of the conductor, and was negligent in obeying it.
Then you must determine whether such an order or direction
by the conductor was proper or not, because it is not compe-
tent for the Court to charge you, as a matter of fact, whether
an order by the conductor is proper or not. That is a matter
of fact for you to determine, the Court being prohibited

from instructing you as to the facts. So that if you should find that the conductor gave to the engineer an order which was not a proper order and which the engineer knew, or ought to have known under the circumstances, was not proper, and the engineer obeyed that order, and if you should conclude that such obedience of the conductor's orders amounted to negligence on the part of the engineer, and that that negligence caused his injury, or contributed to it as one of the direct or proximate causes, then that would amount to a case of contributory negligence, which would relieve the defendant of responsibility to the plaintiff for any injury he may have suffered. On the other hand, if you conclude the conductor gave proper orders, then the rule makes it the duty of the engineer to obey such orders, and if in pursuance of proper orders given by the conductor, the engineer, without any negligence on his part, proceeded and met with injury, and if you should conclude that the orders of the conductor—that the conductor himself was negligent, that negligence would be imputed to the defendant itself, and the defendant would be responsible to the plaintiff for any injurious consequences to the plaintiff from the giving of such orders by the conductor. Subject to those explanations, I charge you that proposition.

" '3. Even if the defendant was negligent, the plaintiff cannot recover damages if the injury was caused or contributed to any degree by his own negligence, combining and concurring with negligence of defendant and contributing therewith as a proximate cause of the injury.' That is merely another form of the doctrine of contributory negligence, which I have already explained, and I so charge you.

" '4. If the defendant had issued orders to the plaintiff as engineman concerning the movement of his train, and the plaintiff neglected such orders, and such neglect caused or contributed to the disaster, he is not entitled to damages.' That also is in accordance with the instructions already given you—that is, if the plaintiff caused his injury by his own negligence as the sole cause, of course, he cannot recover, or

if he contributed to his injury by negligence on his part, which was the proximate cause of the injury, along with the negligence of the defendant, then that also would defeat his recovery, and I so charge you."

On behalf of the plaintiff, I am requested to charge you:

" '2. That under the law of this State, the conductor, in the running of a train under his charge, is the representative of the railroad, and if the jury find from the testimony that the plaintiff was injured in the manner and by the means set out in the complaint, and that such injury was caused by the negligence of the conductor, then the plaintiff would be entitled to recover such damages as the jury find from the testimony he has sustained, provided the negligence of the conductor was the proximate cause of such injury.' I charge you that.

" '3. That by article IX., section 15, of the Constitution of this State, every employee of any railroad corporation shall have the same rights and remedies for any injury suffered by him from the acts or omissions of said corporation, or its employees, as are allowed by law to other persons, not employees, when the injury results from the negligence of a superior agent or officer, or of a person having a right to control or direct the services of a party injured, and any contract or agreement, expressed or implied, made by any employee to waive the benefit of this section, shall be null and void, and in this case, if the jury finds from the testimony that the plaintiff was injured by the negligence of the conductor, then any implied agreement to release the company by working under a rule which provided that he was jointly responsible with the conductor, would be null and void under this section of the Constitution, and would not prevent his recovery.' I charge you that. * * *

" '6. That the plea of contributory negligence set up by the defendant in its answer herein, is an affirmative defense, and, therefore, under that plea, in order to excuse itself, the defendant must satisfy the jury by the preponderance of the testimony on that issue, that the negligence of the plaintiff

contributed to the injury he suffered as a proximate cause thereof, without which the injury would not have occurred, and unless the defendant has so satisfied the jury, then they should find against the defendant on that plea.' I have specifically charged you that already, and so charge you. * * *

" '10. That a servant obeying the instructions of the representative of the master on the spot is not guilty of contributory negligence, although if by such obedience he disobeys a rule of the master.' I charge you that.

" '11. That the fact that the servant's work is done in the presence and under the immediate direction of the master's foreman, or the conductor in this case, is equivalent to the assurance by the master that the servant may safely proceed to the work required of him, and he is, therefore, not bound in such a case to search for danger. He may rely for safety upon the conduct of the conductor.' I so charge you.

" '12. That under Rule 367 of the defendant company, the conductor is the man who is put in charge of the train, and every person employed thereon. They are made responsible for the safe and proper management of such trains, and for a thorough performance of the duty by the train employees, and for the observance and enforcement of all rules and orders relative thereto.' That is the meaning of Rule 367, and I so charge you. * * *"

(The jury retired and returned with the request for further instructions from his Honor.)

"The Court: I understand that some of the jurors desire some further instruction, or rather that you desire some explanation as to the relationship, I might say, between the engineer and the conductor, as to what the authority of the conductor is. Rule 367, which I have not before me—perhaps you had better let that rule be read. This is the substance and meaning of Rule 367 of the rules of the road governing all the employees—that under Rule 367 of the defendant company, the conductor is the man who is put in charge of the train and every person employed thereon. They are made responsible for the safe and proper manage-

ment of such trains and for the protection and care of
passengers, baggage and freight, for the thorough perform-
ance of duty by the train employees and for the observance
and enforcement of all rules and orders relative thereto.
That makes the conductor in effect what he is very often
called in speaking of him, the captain, the head man of the
train, and, of course, the other members of the train crew are
subject to his orders.    But here is Rule 502, which presents
some modifications of that Rule 367: Enginemen are jointly
responsible with the conductor for the movement and pro-
tection of their trains in accordance with the rules—one of
which is 367.

"The foreman of the jury: Can I ask one question?
Some of the jurors think that the conductor has authority
and that the engineer is compelled to obey his orders.    They
want to know, when the conductor says pull out, is the
engineer compelled to obey his orders.

"The Court: This is copied from the rule book: 'They
(enginemen) are jointly responsible with the conductor for
the movement and protection of their trains in accordance
with the rules, and while they must obey all proper orders
by the conductor and others, as provided by the rules, they
are individually responsible for the observance of rules rela-
tive to their duties, and must decline to obey any order by the
conductor or any other person which involves a violation of
such rules or peril to persons or property.'    So, that, while
the conductor is in control of the train and it is the duty of
the engineer to obey the orders of the conductor, still the
rules themselves make it imperative on the engineer to decline
or refuse the order of the conductor, if the order involves
violation of the rules laid down for the engineer's own
government, or peril to persons or property.    I presume it
would take a long time for you and me to read them all and
find out whether there are rules there specially for the
government of engineers and conductors and firemen, etc.; I
presume that there are.    If the conductor gives an order to
the engineer that involves a violation of some rule laid down

for the special government and guidance of the engineer, the engineer has the right and is commanded to refuse to obey, the rule being higher than the verbal order of the conductor. And then the engineer also is required to refuse to obey the order from the conductor, where it involves peril to persons or property. As a matter of course, a great deal must be left there to the perception and the judgment of the engineer, as to whether an order does involve a violation of a rule that is laid down for the guidance of the engineer, or whether an order of the conductor involves peril to persons or property. Of course, if it does not apparently involve such peril, if the engineer knows that it does not involve peril of that kind, then it is his duty to obey the order; or if he does not know or has no good reason to believe it will involve any such peril, then he is bound to assume it does not, and it is his duty to obey the order, and he must obey it, under the rule. So, you see, a great deal must depend upon the engineer's own knowledge of the conditions surrounding him as to whether an order of the conductor will involve a violation of a rule of the company or peril to persons or property; a great deal must be left there to the knowledge of the engineer of the conditions surrounding him, and if an order from the conductor does involve a violation of the rules of the company, the engineer is required to refuse to obey; if it involves peril to persons or property, he is required to refuse to obey that order; unless it does either one or the other, then he is required to obey that order of the conductor.

"Of course, it is a question of fact here for you as to whether there was any order given by the conductor or not, and if so, whether that involved violation of the rules, which order the engineer would have the right to refuse to obey, or whether it involved peril to person or property apparent to the engineer. You do not have regard for the consequences in determining whether it did involve peril to life or property, but you have regard to the situation of the engineer at the time, and all the facts and circumstances in which he was acting, and if, in view of the conditions and circumstances

in which he was at the time, if the conductor gave an order which involved peril to life or property, the engineer of course is required to refuse to obey that order; but if it did not, so far as the engineer could see, it was his duty to obey * * *"

Defendant appeals from judgment for plaintiff.

## EXCEPTIONS.

"I. Error of the presiding Judge in charging the jury as follows: 'Where a person is negligent, and his negligence results in injury to another person, yet if that other person is also negligent at the same time, and his negligence concurs with the negligence of the person whose negligence causes injury, and concurring with it, contributes to the injury, so that it becomes a proximate and immediate or direct cause of the injury, *so that he would not have been injured if he had not himself been negligent,* although the other party may also have been negligent; under those circumstances the law will not allow him to recover damages for his injury from the other party. So that is what is meant by the doctrine of contributory negligence, the defense of contributory negligence.' Specification: This contains an erroneous qualification of the doctrine of contributory negligence; in that the defendant is required to prove that the plaintiff's negligence was such that without it the injury would not have occurred. The defendant is absolved, if the plaintiff's negligence be shown to have been *a proximate cause* concurring with the negligence of the defendant. Such negligence may have been *a proximate cause* without being the *efficient cause—i. e.,* the cause without which the injury would not have occurred.

"II. Error of the presiding Judge in charging the jury as follows: 'And in like manner, if the defendant was negligent, if the railroad company was negligent in the particulars alleged in the complaint, and if the plaintiff was also negligent in the particulars in which the defendant in his answer alleges, and his negligence, along with the negligence of the

defendant, both combining together, caused the injury, *and if the injury would not have been caused to him, even by the negligence of the defendant, unless he also had been negligent,* and his negligence contributed as a direct or proximate cause of the injury, then that would make a case of contributory negligence, where the plaintiff would not be entitled to recover damages from the defendant.' Specification: This contains an erroneous qualification of the doctrine of contributory negligence; in that the defendant is required to prove that the plaintiff's negligence was such that without it the injury would not have occurred. The defendant is absolved, if the plaintiff's negligence be shown to have been *a proximate cause* concurring with the negligence of the defendant. Such negligence may have been *a proximate cause* without being the *efficient cause—i. e.,* the cause without which the injury would not have occurred.

"III. Error of the presiding Judge in charging the plaintiff's sixth request to charge, which was as follows: 'That the plea of contributory negligence set up by the defendant in its answer herein, is an affirmative defense, and, therefore, under that plea, in order to excuse itself, the defendant must satisfy the jury by the preponderance of the testimony on that issue, that the negligence of the plaintiff contributed to the injury he suffered as a proximate cause thereof, *without which the injury would not have occurred,* and unless the defendant has so satisfied the jury, then they should find against the defendant on that plea.' Specification: This contains an erroneous qualification of the doctrine of contributory negligence; in that the defendant is required to prove that the plaintiff's negligence was such that without it the injury would not have occurred. The defendant is absolved if the plaintiff's negligence be shown to have been *a proximate cause* concurring with the negligence of the defendant. Such negligence may have been *a proximate efficient cause* without being the *efficient cause—i. e.,* the cause without which the injury would not have occurred.

"IV. Error of the presiding Judge in charging the jury as follows: 'Under those rules (referring to the rules cited in the defendant's second request to charge) the responsibility still rests upon the conductor to give orders for the movement of the train.' Specification: Under said rules the conductor had nothing to do with giving orders for the movement of his train; such orders were train orders issued by another authority, the train dispatcher, to the conductor and engineer jointly, who were jointly responsible for their execution.

"V. Error of the presiding Judge in charging the plaintiff's second request to charge, which was as follows: 'That under the law of this State, the conductor, in the running of a train under his charge, is the representative of the railroad, and if the jury find from the testimony that the plaintiff was injured in the manner and by the means set out in the complaint, and that such injury was caused by the negligence of the conductor, then the plaintiff would be entitled to recover such damages as the jury find from the testimony he has sustained, provided the negligence of the conductor was the proximate cause of such injury.' Specifications: There was testimony tending to show that in this particular case the conductor was *not* the representative of the railroad company in the running of the extra train upon which the plaintiff was engineer; on the contrary, that the movement of said train was under train orders, issued by the train dispatcher, directed to both the conductor and engineer, who, under the rules, were jointly responsible for their execution and the proper movement and protection of the train. It was error, therefore, to apply said principle to the facts of this case without appropriate modification. Even if the collision was due to the negligence of the conductor, the plaintiff himself was also negligent in permitting the conductor to overlook his orders.

"VI. Error of the presiding Judge in charging the plaintiff's third request to charge, which was as follows: 'That by article IX., section 15, of the Constitution of this State, every

employee of any railroad corporation shall have the same rights and remedies for any injury suffered by him from the acts or omissions of said corporation, or its employees, as are allowed by law to other persons, not employees, when the injury results from the negligence of a superior agent or officer, or of a person having a right to control or direct the services of a party injured, and any contract or agreement, expressed or implied, made by any employee to waive the benefit of this section shall be null and void; and in this case, if the jury finds from the testimony, that the plaintiff was injured by the negligence of the conductor, then any implied agreement to release the company by working under a rule which provided that he was jointly responsible with the conductor would be null and void under this section of the Constitution, and would not prevent his recovery.' Specification: The constitutional provision referred to has no application to the issues presented in this case nor to the evidence. The company had the right, notwithstanding the Constitution, to delegate the care, protection and movement of the train jointly to the engineer and the conductor. If they allowed their train to collide with another train of the movements of which they were duly notified by train orders, they were both jointly responsible therefor. And even if the collision was due to the negligence of the conductor, the plaintiff himself was also negligent in allowing the conductor to overlook the orders. For this reason, there could have been no implied agreement by working under the rule to waive the benefit of said section; he would be answerable for his own negligence.

"VII. Error of the presiding Judge in charging the plaintiff's 10th request to charge, which was as follows: 'That a servant obeying the instructions of the representative of the master on the spot is not guilty of contributory negligence, although if by such obedience he disobeys a rule of the master.' Specifications: (a) This is an erroneous proposition of law. (b) It has no application to the facts of this case, as under the rules the engineer as well as the conductor

was charged with the duty of executing the orders for the movement of his train. (c) It eliminated the question of the plaintiff's duty, under Rule 502, to decline to obey any order by the conductor, which involved the violation of the rules or peril to person or property, and of his contributory negligence in such regard. (d) It eliminated the question, under the rules, of the joint responsibility of the engineer and conductor for the movement and protection of their trains, and of the engineer's contributory negligence in such regard. (e) Whether, under a given state of facts, the plaintiff was or was not guilty of contributory negligence, is a question of fact for the jury and not for the Court to decide.

"VIII. Error of the presiding Judge in charging the plaintiff's 11th request to charge, which was as follows: 'That the fact that the servant's work is done in the presence and under the immediate direction of the master's foreman, or the conductor in this case, is equivalent to the assurance by the master that the servant may safely proceed to the work required of him, and he is, therefore, not bound in such a case to search for danger. He may rely for his safety upon the conduct of the conductor.' Specifications: (a) This is an erroneous proposition of law. (b) Whether a given state of facts constitutes contributory negligence or not, is a question for the jury and not for the Court to decide; the charge was, therefore, violative of the 26th section, of article V., of the Constitution. (c) It has no application to the facts of this case, as, under the rules, the engineer as well as the conductor was charged with the duty of executing the orders for the movement of the train. (d) It eliminated the question of the plaintiff's duty, under Rule 502, to decline to obey any order by the conductor which involved the violation of the rules or peril to person or property, and of his contributory negligence in such regard. (e) It eliminated the question, under the rules, of the joint responsibility of the engineer and conductor for the movement and protection of their trains, and of the engineer's contributory negligence in such regard. (f) It excludes from the jury inquiry as to

the manner in which the plaintiff may have done the work he was directed to do. (g) It relieves the plaintiff from the obligation to exercise ordinary care to avoid danger. (h) It erroneously declares that no matter what the conditions are, whether known to the conductor or not, whether known to the plaintiff or not, the plaintiff may blindly go ahead and do what he is told to do. (i) It destroys the defense of the plaintiff's contributory negligence, and of the sole negligence of the plaintiff."

*Mr. T. P. Cothran,* for appellant, cites: *Charge as to contributory negligence required defendant to show plaintiff's negligence was of such magnitude that injury would not have occurred but for it:* 7 Ency., 2 ed., 371; 56 S. C., 91; 58 S. C., 222; 59 S. C., 322; 26 S. C., 497; 57 S. C., 91; 59 S. C., 324; 60 S. C., 170.

*Mr. Wm. N. Graydon,* contra, cites: *Charge on contributory negligence is in accord with decisions of this Court:* 7 Ency., 2 ed., 371; 25 S. C., 446; 63 S. C., 559. *Effect of servant obeying order of master on the spot:* 68 S. C., 55.

March 15, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action of the plaintiff was to recover damages of the defendant because of personal injuries. The trial was beofre Judge Klugh and a jury. The verdict was for $800 for the plaintiff. An appeal was taken. The history of the facts, or allegations of fact, in the pleadings and testimony was about as follows: The plaintiff had no knowledge or experience with the railroad track and the stations on defendant's railroad from Columbia, S. C., to Charlotte, N. C., and when called upon by the railroad authorities to run the train known as No. 74 from Columbia to Charlotte, objected to doing so, because of his want of knowledge of these things; but the defendant

insisted that he would do so and agreed to place him in the hands of a pilot for said trip, which was done by placing over him, Capt. Drake as such pilot, who was the conductor of said train known as No. 74. The difficulties of the trip over said railroad at that date were greatly increased by reason of an accident on another line of defendant's system of railroads, which necessitated many of defendant's trains being run on the railroad from Columbia to Charlotte and *vice versa.* The plaintiff, under the pilotage of Capt. Drake, who was conductor on train No. 74, started on his trip on the morning of June 8th, 1903—having lost sleep during the nights of the 7th and 8th of June, 1903—and no accident occurred except that on account of delays of his train; when he reached the station of White Oak, being more than twelve hours late, his train lost its class as No. 74, and became known as Extra 193. That when his train—Extra 193— reached the station known as Fort Mill, he was held twenty-five or thirty minutes. That at Fort Mill the station agent, who was also the telegraph operator, as plaintiff alleges, negligently and recklessly gave the plaintiff the signal to leave the station by showing him the "white board," and also negligently and recklessly gave him an order conferring on extra 193 the right of track over No. 73, which was not due to leave Charlotte for fifty minutes; that Charlotte was only fourteen miles from Fort Mill, and plaintiff had ample time to have gone there; that at that time said station agent knew, or ought to have known, that there was a passenger train coming from Charlotte and due to leave Pineville, the station above Fort Mill, and between that place and Charlotte, and that a collision was inevitable; that when he was ordered to leave Fort Mill, plaintiff had been on duty for more than twenty hours and was in no condition to run his engine; that the conductor, Drake, who had been ordered to pilot him, negligently and recklessly gave plaintiff orders to leave Fort Mill, when he knew, or ought to have known, that the 4th section of No. 33 was coming and was bound to collide with Extra 193; that acting upon the said orders and

32—73

instructions from those who had a right to direct his services,
the plaintiff being ignorant of the whereabouts of the pas-
senger train and thinking that the track was clear, pulled out
of Fort Mill and collided with the passenger train before he
got to Pineville, the next station; that seeing a collision
inevitable, he jumped, broke his ankle, etc.

The defendant answered, denying the charges of negli-
gence and recklessness; charging that the accident was due
to the negligence of the plaintiff, and pleading the contribu-
tory negligence of the ·plaintiff, as follows: As a further
defense, the defendant alleges that at or about 9 o'clock A.
M. of June 8, 1903, the day upon which the collision
occurred, the plaintiff while acting as engineer of Extra 193,
received from the defendant at White Oak, S. C., a written
order that the fourth section of train No. 33, a train running
in the opposite direction, would run eight hours twenty
minutes late; that the regular schedule leaving time at Char-
lotte of train No. 33 was 8.50 A. M., and the leaving time
of said fourth section of 33 at Charlotte, according to said
order, was 5.10 P. M.; that the regular schedule leaving
time at Pineville of train No. 33 was 9.11 A. M., and the
leaving time of said fourth 33 at Pineville, according to
said order, was 5.31 P. M.; that the regular schedule leaving
time at Fort Mill of train No. 33 was 9.22 A. M., and
leaving time of said fourth 33 at Fort Mill, according to
said order, was 5.42 P. M.    That said fourth 33 was twenty
minutes late—leaving Charlotte at 5.30 P. M., it passed
Pineville without stopping at 5.43 P. M., six and one-half
miles north of Fort Mill.    That the plaintiff with his train,
Extra 193, arrived at Fort Mill at 5.25 P. M., and left that
station at 5.48 P. M., going in the direction of Pineville.
That the plaintiff negligently, carelessly and recklessly over-
looked the order that he had received as aforesaid, notifying
him of the movement of fourth 33, and in consequence col-
lided "head on" with the said fourth 33 between Fort Mill
and Pineville, at or about 5.52 P. M.    That the plaintiff,
when he left Fort Mill, knew, or with the exercise of ordi-

nary care should have known, that fourth 33 at that time was coming towards him between Pineville and Fort Mill, and that a collision was inevitable. That by the rules of the company under which the plaintiff was working, he was jointly responsible with the conductor for the movement and protection of his train. "The defendant alleges that the aforesaid negligent acts and omissions of the plaintiff contributed to his injury in the manner stated, in conjunction with the alleged acts of negligence on the part of the defendant set forth in the complaint."

The plaintiff admitted that when he arrived at White Oak he passed three sections of No. 33, and that he knew that there was a fourth section to come, not only by the signals given and the whistles blown by those trains, indicating another section following, but by a written order handed to him by the agent at White Oak, reading as follows: "4th 33, engine unknown, will run 8 hrs. 20 m. late Charlotte to Winnsboro, and 8 hrs. late Winnsboro to Columbia."

Reference is made to the word "pilot." In the rules of defendant railway, a pilot is thus defined: "A person assigned to a train when the engineman or conductor, or both, are not fully acquainted with the physical characteristics, or running rules of the road or portions of the road, over which the train is to be moved." Rule 105. "Both conductors and engine men are responsible for the safety of their trains and, under conditions not provided for by rules, must take every precaution for their protection." Rule 367. "They (conductors) will have charge of the trains to which they are assigned and of all persons employed thereon. They are responsible for the safe and proper management of such trains, for the protection and care of passengers, baggage and freight, for a thorough performance of duty by the train employees, and for the observance and enforcement of all rules and orders relative thereto. * * *" Rule 502. "They (engine men) are jointly responsible with the conductor for the movement and protection of their trains in accordance with the rules; and while they must obey all proper orders by the conductors or

others, as provided by the rules, they are individually responsible for the observance of rules relative to their duties, and must decline to obey any order by the conductor or any person which involves the violation of such rules or peril to person or property." Special Rule 50. "Conductors and enginemen are required to consult with one another and have a thorough understanding as to the meeting points." "A train receiving this order is not required to protect itself against opposing extras unless directed by orders to do so, but must keep clear of all regular trains unless required by rule."

Let the report of this case contain the Judge's charge and the exceptions thereto.

We will now pass upon these exceptions.

The first three relate to an alleged failure of the Circuit Judge in his charge to the jury in regard to the defense of contributory negligence. An examination of the charge of the Circuit Judge will show it to be in exact accord with the definitions of this Court of contributory negligence. The principles are announced in *Freer* v. *Cameron*, 4th Rich., 232; *Cooper* v. *Railway Co.*, 56 S. C., 91, 95, 34 S. E., 16. In this latter case this Court said: "The best definition of contributory negligence we have seen is the following from 7th Ency. Law, 371 (2d edition): 'Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred.'"

It is thus seen that contributory negligence by plaintiff can never exist except when the injury has resulted from the negligence of the defendant as a "concurring proximate cause." In *Bowen* v. *Railway Co.*, 58 S. C., 228, 36 S. E., 590, this exact definition has been adopted by the Court. In *Easler* v. *Railway Co.*, 59 S. C., 322, 37 S. E., 938, where the definition in the two previous cases of Cooper and Bowen was adopted, Chief Justice McIver remarked as follows:

"From this as well as what is said in *Farley* v. *Basket and Veneer Co.,* 51 S. C., 237, 28 S. E., 193, and in *Disher* v. *Railway Co.,* 55 S. C., 192-193, 33 S. E., 172, it is apparent that the definition of contributory negligence can only arise when the injury complained of is the compound result of both plaintiff and defendant, both contributing to such result by their combined and concurrent action as a proximate cause of the injury. Hence, as is said by the late Judge McGowan, in *Simms* v. *Railway Co.,* 26 S. C., 497, 2 S. E., 286, 'Until a *prima facie* case of negligence is made out against the defendant there can be no such question as that of contributory negligence on the part of the plaintiff.' "

In the notes of the 7th Ency. of Law, 372-373, in discussing the subject of contributory negligence, the learned author lays down the principles in exact accord with our definition. In notes, page 373, in the American and English Ency., the author well quotes from the annotater of the Am. Dec.: "Scarcely any theme in the whole range of legal science has been more fruitful in adjudications than the subject of contributory negligence; but the multiplicity of decisions on this point has not by any means cleared it of difficulties. On the contrary, it has in some respects seemed rather to 'darken counsel' by the introduction of a great variety of metaphysical refinements and subtle distinctions." If contributory negligence is made clear by the Circuit Judge, too many refinements had better be obviated by him.

It seems to us that where a definition is broad and true that it is better to adhere to the same rather than to follow the suggestions overly refined. We, therefore, overrule these exceptions.

Exception IV. It must always be remembered that it is a concrete case and not an abstract one that is under consideration on appeal. Under the rules of the defendant company, when the plaintiff objected to taking No. 74 out of Columbia because he was unacquainted with said division, and had never worked on it, did not know the road, and did not care to go out over that division,

the master mechanic told the plaintiff that the conductor, Mr. Drake, would pilot the plaintiff over said road and that Mr. Drake told him of his directions to act as pilot. An observation of the rules of the defendant road shows that the engineman, along with the conductor, are responsible for the safety of their train. See Rule 105 and also Rule 368, which hold that conductors and enginemen are jointly responsible. While Rule 367 provides that conductors will have charge of the trains to which they are assigned and of all persons employed therein, they are responsible for the safe and proper management of such trains for the protection and care of passengers, baggage and freight, for a thorough performance of duty by the train employees, and for the observance and enforcement of all rules and orders relative thereto. When these rules are considered, including the appointment of the conductor as pilot, it will be seen that the Circuit Judge did not err here as complained of. The train cannot move ordinarily without the order of the conductor, and, therefore, orders issued by another department of the railroad cannot supersede the authority given under these rules, to the conductor. This exception is overruled.

Exception V. The conductor is to a certain extent the master of the railroad train, and when injury is produced by his negligence in carrying out the purposes of his appointment, the defendant railroad is responsible therefor. This exception is overruled.

Exception VI. Error was assigned because the Circuit Judge charged plaintiff's third request. We think there was no error here. This exception is overruled.

Exception VII. When the Circuit Judge charged the tenth request of the plaintiff, "That a servant obeying the instructions of the representatives of the master on the spot is not guilty of contributory negligence in so obeying said master," he committed no error. *Carson* v. *Railway Co.*, 68 S. C., 55, 46 S. E., 525. This exception is overruled.

Exception VIII. The error assigned to the Circuit Judge is in charging plaintiff's eleventh request—"That the fact that the servant's work is done in the presence and under the immediate direction of the master's foreman, or conductor in this case, is equivalent to the assurance by the master that the servant may safely proceel to the work required of him, etc." This was not error. See *Carson* v. *Railway*, 68 S. C., 55, 46 S. E., 525. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and it is hereby affirmed.