Carrie B. McCOMBS, Administratrix of the Estate of William F. McCombs, Plaintiff,

v.

ANDERSON TRUCK LINE, Defendant.

Civ. A. No. 4627.

United States District Court
W. D. South Carolina,
Greenwood Division.

Heard April 27, 1965.

Decided May 5, 1965.

Charles & Charles, Greenwood, S. C., for plaintiff.

Grier, McDonald, Burns & Bradford, Greenwood, S. C., for defendant.

HEMPHILL, District Judge.

Trial before the Court without a jury had at Greenwood, S. C., during regular April Term. Upon completion of testimony, motions were heard and thereafter briefs were filed by both parties, and the Court having been duly advised in the premises, makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

This is an action to recover damages for the alleged wrongful death of William F. McCombs, late a resident of the County of McCormick, South Carolina, and is brought pursuant to the South Carolina Wrongful Death Act (Section 10-1951 et seq., South Carolina Code of Laws, 1962, as amended).

The plaintiff, a citizen and resident of the County of McCormick, S. C., is the duly appointed, qualified and acting Administratrix of the Estate of William F. McCombs, deceased.

Defendant is a non-resident trucking corporation with its principal place of business at Lenoir, North Carolina.

Plaintiff's intestate, an eighty-four year old man, came to his death on February 25, 1964, as a result of injuries he received in a collision between a 1940 Chevrolet automobile owned and operated by him, and a 1962 Ford truck owned by the Defendant and driven by one of its regular drivers, Charles Braswell of Lenoir, North Carolina.

The collision occurred on South Carolina Highway No. 823 about three miles North of Mount Carmel, South Carolina, at the intersection with Secondary Highway No. 33–40, at about 11:15 A.M., February 25, 1964.

The amount in controversy exceeds, exclusive of interest and cost, the sum of $10,000.00.

The defendant's truck was proceeding in a Southerly direction along the said South Carolina Highway No. 823, en route to Mount Carmel, and other stops, from Gaffney, South Carolina, from which it left about 8:15 A.M. that morning for the purpose of delivering furniture with which the truck was loaded. Defendant's driver was the only occupant of the truck.

Plaintiff's intestate was driving his automobile in a Northerly direction along the said South Carolina Highway No. 823 and was alone in his vehicle.

The scene of the collision is located in a rural area of McCormick County just south of the two-lane bridge crossing Little River. The accident occurred some thirty or forty feet south of the bridge at which point Secondary Road 33–40 intersects South Carolina Highway No. 823, from the West, forming a dead end or "T" intersection. South Carolina Highway No. 823 is twenty feet wide, of tar and gravel construction, has narrow grass shoulders, and is built on a fill about twelve to fifteen feet above the surrounding marsh.

The road is straight and level at the scene of the accident, the first curve to the north being approximately ⅖oths of a mile away and the first curve to the south being approximately ⅒th of a mile.

The speed limit was 45 miles per hour and the center of the highway was marked by a broken white line with yellow lines on either side thereof prohibiting passing in either direction. When the accident occurred, it was raining and the road was wet.

As the defendant's truck was approaching the bridge, it was travelling at a speed of approximately forty to forty-five miles per hour. The truck driver noticed plaintiff's intestate approaching from the opposite direction with his hand out, indicating a turn or a slowing or stopping movement. The defendant's driver reduced speed upon seeing the signal and just as he came off the bridge about twenty or thirty feet from the automobile of plaintiff's intestate, he, plaintiff's intestate, started a left turn to the west to enter Secondary Road 33–40 and the defendant's truck collided with the automobile.

Defendant's driver applied his brakes, but before they took effect impact had occurred as a result of which the braking apparatus of the defendant's truck was damaged and its braking power impaired.

The collision occurred in the truck's lane or the south bound lane of traffic approximately at the intersection of the Secondary Road with South Carolina Highway No. 823. The truck proceeded in a southerly direction in its proper lane for 103 feet where it came to rest with its front left wheel about one foot across the center line and its rear left wheel just to the right of the center line. The Chevrolet was still attached to the truck and was headed in a westerly direction.

Plaintiff's intestate was thrown from his automobile and was lying along the left side of his car; he was unconscious as a result of head injuries he received in the accident and was dead upon arrival at Brewer Hospital in Greenwood, South Carolina.

Photographs introduced in evidence by both parties show that the damage to defendant's truck was in the front and the

28

main damage to the plaintiff's intestate's Chevrolet was to the right front. No skid marks were left by either vehicle.

Clearance lights and the cab lights on the truck were burning and its windshield wiper was on. The Chevrolet's lights were not burning.

There were markings and gouges on the highway showing clearly that the defendant's truck was in its proper lane when the accident occurred and that plaintiff's intestate's car made a left turn when defendant's truck was so close as to constitute an immediate hazard.

## CONCLUSIONS OF LAW

Section 46–381 of the South Carolina Code of Laws for 1962, as amended, provides as follows:

"Drivers to drive on right side; exceptions.—Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

"(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

"(2) When the right half of a roadway is closed to traffic while under construction or repair;

"(3) Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or

"(4) Upon a roadway designated and sign-posted for one-way traffic."

Section 46–383 of the South Carolina Code of Laws for 1962, as amended, provides as follows:

"Passing vehicles proceeding in opposite direction.—Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one half of the main-traveled portion of the roadway, as nearly as possible."

Section 46–405 of the South Carolina Code of Laws for 1962, as amended, provides as follows:

"General rule for turning movements.—No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon a roadway as required in §§ 46–402 and 46–403 or turn a vehicle to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

Section 46–422 of the South Carolina Code of Laws for 1962, as amended, provides as follows:

"Vehicle turning left at intersection.—The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right of way to the vehicle making the left turn."

This Court has jurisdiction of the parties and of the subject matter of this action.

The accident to and the death of plaintiff's intestate were not the result of any negligence or recklessness on the part of the defendant or its employees, agents and servants.

The accident to and the death of plaintiff's intestate were caused solely or were contributed to by the negligence and recklessness of plaintiff's intestate in attempting to make a left turn when it was not safe to do so.

Defendant's opportunity to avoid was not of sufficient time to place blame on defendant for failure to avoid. South Carolina authority holds that:[1]

1. Brailsford, J., in Guyton v. Guyton, 244 S.C. 357, 137 S.E.2d 273, 275 (1964).

"An automobile may not be controlled by brakes or steering so as to avoid a hazard which becomes apparent for only a 'split' second' before the point of impact is reached."

The credible facts, including the pictures exhibited, fail to establish wrong, or negligence on the part of defendant. If it were held that defendant was negligent, because of plaintiff's contributory negligence and willfulness, plaintiff could not recover. "Where two persons are in fault, and one suffers injury because of the joint fault of both, the law will not allow him to recover from the other in damages by reason of that injury, because that would amount to allowing a person to reap the benefit from his own wrong * * *." Wilson v. Southern Railway, 73 S.C. 481, 482, 53 S.E. 968.

That plaintiff take nothing by her said Complaint and that defendant have judgment for its costs and disbursements herein expended.

The Clerk shall enter judgment for defendant.

And it is so ordered.