### 8115

### LADSHAW v. SOUTHERN RY.

1. CARRIER—PASSENGER.—There being evidence here tending to support one allegation of negligence that the door of a passenger coach was left open contrary to the rule, which was the proximate cause of the passenger getting a cinder in his eye, verdict should not be directed.

2. IBID.—IBID.—ASSUMPTION OF RISKS.—The part of the charge here complained of relating to assumption of risks by passenger, when considered with the whole charge, held not to be on the facts.

3. JURORS—VERDICT—NEW TRIAL.—The Court will not consider affidavits of jurors that they arrived at their verdict by striking an average.

Before WILSON, J., March term, 1911.    Affirmed.

Action by Johann Ladshaw against Southern Railway Company.    Defendant appeals on the following exceptions:

It is respectfully submitted that his Honor erred:

1st. "In refusing motion made on the part of the defendant to direct the verdict in its favor, the errors being: (a) That there was no sufficient evidence of negligence on the part of the defendant to warrant his Honor in sending the case to the jury. (b) Because the evidence is uncontradicted that the defendant used due care in providing its engine with proper appliances to prevent the escaping of sparks, and that on this occasion said engine was prudently and properly run and managed. (c) Because there is no evidence tending to show any negligence on the part of the defendant in failing to properly equip its engine, or in failing to carefully and prudently run the same on this occasion. (d) Because the evidence shows that all proper efforts were made to prevent the escape of sparks, and that if any cinders did get into the eye of the plaintiff, it was not a cinder which had been negligently allowed to escape from the engine of the defendant.

2d. "Because his Honor erred in instructing the jury as follows: 'But if to the danger incident to the act of traveling under the circumstances and conditions of this particular case is added a danger caused by the negligence of the carrier, the passenger does not assume the risk of those combined dangers. If the catastrophe in question did not result alone from the danger incident to the act of traveling, under the given circumstances and conditions, but resulted because to that danger was added the consequences of the negligent act of the carrier, there was no such assumption of the

risks as would relieve the carrier from liability.' The errors being: (a) That his Honor in so charging charged upon the facts contrary to section 26, article 5 of the Constitution, which prohibits judges from charging on the facts. (b) Because his Honor in so charging instructed the jury in effect, as matter of fact, that the plaintiff was injured. (c) Because his Honor in so charging instructed the jury as matter of fact that the defendant was negligent. (d) Because his Honor in so charging intimated to the jury that there had been a catastrophe, and that the defendant was negligent. These all being questions of fact exclusively for the jury, and not for the Court.

3d. "Because his Honor in connection with the first request of the defendant, to wit: 'If a railroad company equips its engine and smokestacks with a spark arrester of the latest and best pattern, and keeps the same in good order, and operates the engine in a careful and prudent manner, then it is not responsible for an injury which might come to a passenger from a spark escaping from the smokestack,' and by charging the jury therewith as follows: 'If that is the only act of negligence alleged.'

"The errors being, as it is respectfully submitted: (a) That as the plaintiff in her complaint charged the defendant with negligence in allowing a spark to escape from an engine that was improperly equipped and improperly managed, the request of the defendant contained a sound proposition of law applicable to the allegations of the complaint. (b) Because his Honor in instructing the jury as he did in connection with this request led the jury to believe that even if the defendant's engine was properly equipped and was properly managed, and that it was not negligent in allowing a cinder to escape, yet the plaintiff could recover if the evidence shows she was injured by a cinder getting in her eye, even though it did appear that the defendant was not negligent in allowing such cinder to escape from its engine. (c)

Because under the allegations of the complaint the right of the plaintiff to recover depended upon her being injured by a cinder which the defendant had negligently allowed to escape from the engine that was improperly equipped and improperly managed, and his Honor erred, as it is respectfully submitted, in not charging the jury as requested by the defendant without qualification or the addition of any word thereto.

4th. "Because, it is respectfully submitted, his Honor erred in that connection with the defendant's second request, to wit: 'If the evidence shows that it is impossible, even by the highest degree of care, to so equip a smokestack as to prevent all sparks from escaping, then if the evidence shows that a smokestack is equipped with a spark arrester of the latest and best pattern, and is kept in good order, and that the engine is managed in a careful manner, and notwithstanding this a spark does escape and inflict an injury upon a passenger the railway company would not be responsible on this account,' and instructing the jury in connection therewith as follows: 'If that is the only act of negligence alleged; you understand that I mean by that if the only act of negligence alleged is that a spark escaped from the smokestack that would apply, but in this case there are other acts of negligence alleged; you have already heard the complaint.' The error being: (a) That as the plaintiff in her complaint charged the defendant with negligence by allowing a spark to escape from an engine that was improperly equipped and improperly managed, the request of the defendant contained a sound proposition of law applicable to the allegations of the complaint. (b) Because his Honor in instructing the jury as he did in connection with this request led the jury to believe that even if the defendant's engine was properly equipped and was properly managed, and that it was not negligent in allowing a cinder to escape, yet the plaintiff could recover if the evidence shows she was injured by a cinder getting in her eye, even though it did

appear that the defendant was not negligent in allowing such cinder in escaping from its engine. (c) Because, under the allegations of the complaint the right of the plaintiff to recover depended upon her being injured by a cinder which the defendant had negligently allowed to escape from the engine that was improperly equipped and improperly managed, and his Honor erred, as it is respectfully submitted, in not charging the jury as requested by the defendant without qualification or the addition of any word thereto.

5th. "Because his Honor, in connection with the defendant's fourth request, to wit: 'If the evidence shows that the smokestack of the engine, which was attached to the train of cars on which the plaintiff was riding, was equipped with a spark arrester of the latest and best pattern, and that the same was in good order, and that the engine was prudently managed, then the company would not be responsible if the evidence does nothing more than show that an employee of the company opened the door of the passenger coach preparatory to the stopping of a train at the station, and the alighting of its passengers, even though it might further appear that a cinder which escaped from the smokestack did enter the eye of a passenger,' erred by charging the following: 'Provided that the door was opened at a time and in the manner that a prudent employee should have opened it in the opinion of the jury, under the circumstances.'

"The errors being, as it is respectfully submitted: (a) That this was a sound proposition of law applicable to the facts of the case as disclosed by the evidence introduced. (b) Because this request contained a matter of law for the Court, and his Honor erred in submitting it to the jury to be passed upon by them. (c) Because, under the law, it is the duty of employees of a passenger train to open the doors of the coaches preparatory to the stopping of a train and

the alighting of its passengers, and it was error for the Court to submit it to the jury to be passed upon by them.

6th. "Because, as it is respectfully submitted, his Honor erred in not granting a new trial on the ground that the uncontradicted facts show that the verdict rendered by the jury was an illegal verdict, in that it was a verdict reached by the jury agreeing that each one should put down the amount he thought the plaintiff was entitled to recover, and then divide the same by twelve."

*Messrs. Sanders & DePass,* for appellant, cite: *No negligence was shown:* 110 S. W. 248; 73 Pac. 63. *Verdict illegal:* 28 Ency. 271; 29 Cyc. 812.

*Mr. Stanyarne Wilson,* contra, cites: *Charge as to assumption of risks by passenger was not on the facts:* 101 Am. St. R. 432; 85 S. C. 454; 88 S. C. 97. *Motion to set aside verdict because arrived at by striking an average should not be entertained:* 2 Bail. 576; 10 Rich. 212; 21 S. C. 343; 68 S. C. 85; 82 S. C. 278.

March 2, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action for damages, alleged to have been sustained by plaintiff, through the negligence of the defendant.

The allegations of the complaint material to the questions involved, are as follows:

"That on or about March 14, 1905, plaintiff, Mrs. Johann Ladshaw, was a passenger on defendant's train going from Spartanburg to Pacolet, sitting about three seats from the front door of the car, and while in her seat, through the negligence of the defendant, a cinder came through said door and struck her right eye, inbedding itself therein, to her great expense, suffering and injury, which she believes

and alleges will be permanent, to her damage in the sum of two thousand dollars.

"That said injury was directly due to, and caused by, the negligence of defendant, in the said door having unnecessarily and carelessly been left open, by the employee of defendant, to wit, its flagman, brakeman or trainman on said train, who threw it open and left it open, while said train was in motion and cinders flying, at a point near East Spartanburg; and by defendant's failure to equip, and keep in reasonably good repair, the engine, with proper and suitable appliances, for the prevention of the escape of such cinder, and by its negligent operation of the engine at said place, by rendering such escape possible, in the then condition of said engine, in not being so provided with such appliances."

The defendant denied the allegations of negligence.

At the close of all the testimony, the defendant's attorneys made a motion for the direction of a verdict, on the ground that the evidence discloses no actionable negligence on the part of the defendant, but the motion was refused.

The jury rendered a verdict in favor of the plaintiff, for six hundred and thirty-three ($633.00) dollars, and the defendant appealed upon exceptions, which will be reported.

*First Exception.* The complaint specifies two particulars, in which the defendant was negligent: (1) In carelessly leaving the door open, through which a cinder was blown into the plaintiff's eye, and (2) failure to equip and keep in reasonably good repair, the engine, with proper and suitable appliances, to prevent the escape of such cinder. If there was testimony tending to sustain either of said specifications of negligence, then there was no error in refusing to direct a verdict.

S. D. O. Kelly, a witness for the defendant, who was flagman on the train, when the plaintiff was injured, thus testified, on cross-examination: "Is it not a rule of your company, that these vestibule doors must be closed while

the train is in motion, rule 314, 414, isn't that a rule of your company? They must be closed on leaving a station, and kept closed until they arrive." There was testimony tending to show a violation of this rule, and that the failure to observe it, was the direct and proximate cause of the plaintiff's injury.

*Second Exception.* When that portion of the charge set out, in the exception, is considered in connection with the entire charge, it will be seen that it is free from error.

*Third, Fourth and Fifth Exceptions.* These exceptions are predicated upon the theory, that the complaint only alleges negligence, in a single particular, and are disposed of, by what was said, in discussing the first exception.

*Sixth Exception.* The syllabus in the case of *Sheppard* v. *Lark,* 2 Bail. 576, thus correctly states the rule therein announced: "The Court will not consider a motion for a new trial, grounded upon affidavits, that the jury had settled the amount of damages, in an action for a tort, by striking an average of the several sums suggested by each juror. To entertain such a motion, would lead to the assumption of a power, to inquire into the process of reasoning, by which the jury arrived at their verdict, and violate the discretion confided to juries by the law and Constitution. The Court will not take cognizance of what transpires in the jury room, with a view to control the verdict, unless the jury have been guilty of misconduct so gross, and violations of law so obviously manifest, as to subject them to the animadversion of the Court."

Judgment affirmed.