## 9193

### NEWSOM v. POE·MANUFACTURING CO.

(86 S. E. 195.)

PRACTICE. TRIAL. APPEAL AND ERROR. MASTER AND SERVANT. INFANTS. NEGLIGENCE. WILFULNESS. DAMAGES. ISSUES. CHARGE.

1. PRACTICE—TRIAL—APPEAL AND ERROR.—Where a motion to direct a verdict is made and refused, it is useless to move upon the same grounds for a new trial, as they may be reviewed upon appeal from order refusing the first motion.

2. NEGLIGENCE—MASTER AND SERVANT.—The violation by an overseer of a rule prescribed by the master for the protection of its servants in the operation of its machinery is negligence, as matter of law.

3. NEGLIGENCE—CONTRIBUTORY—INFANTS.—The capacity of an infant under the age of 14 years to commit contributory negligence is to be determined by the jury.

4. NEGLIGENCE—ISSUES.—Where the testimony is conflicting, the issue whether or not a danger was obvious is to be determined by the jury.

5. MASTER AND SERVANT—WILFULNESS.—Where an infant, under the age of 14 years, employed to perform comparatively safe work, is without warning placed at dangerous work outside of his usual duties, in violation of the rules prescribed for his protection, by a superior, who neither knew nor read the rules, but had been warned of the danger, and left there at a place made dangerous by such superior, the question of the master's wilful disregard of the duties due such infant was properly submitted to the jury.

6. MASTER AND SERVANT—STATUTORY LIABILITY.—Crim. Code 1912, sec. 427, makes the act of cleaning moving machinery by children under 14 years of age unlawful; and a child injured by being so placed at work in violation of the statute, may recover, not only the actual damages sustained by him, but also punitive damages.

7. MASTER AND SERVANT—NEGLIGENCE.—A charge that if plaintiff was injured through a violation of law he could recover compensatory damages, was not prejudicial, when accompanied by an instruction that contributory negligence would defeat the right to recovery.

8. CHARGE—DAMAGES.—Where there is evidence from which wantonness and wilfulness may be inferred, a charge authorizing a recovery of punitive damages, upon proof that the injury was so caused, was proper.

FOOTNOTE.—As to employment of infant in violation of statute as negligence on employer's part, see notes in 8 A. & E. Ann. Cas. 644, 14 *Ib.* 123, Ann. Cas. 1912b, 803, 7 L. R. A. (N. S.) 335, 9 *Ib.* 381, 48 *Ib.* 656, 1 British Ruling Cas. 629; as to bearing of obvious risk on question whether a plaintiff ·was guilty of contributory negligence where no emergency necessitated an act, see *Lorenzo* v. *A. C. L. R. R. Co.,* 101 S. C. 409, 85 S. E. 964.

9. CHARGE.—It is proper for the Court to charge propositions of law, and instruct the jury to apply them to the facts, as they might find them.

Action by Forrest Newsom, by his guardian *ad litem,* A. F. Spruill, against F. W. Poe Manufacturing Company. From judgment for plaintiff, defendant appeals.

*Messrs. Haynsworth & Haynsworth,* for appellant, submit: *There was no evidence of negligence or recklessness on the part of the defendant:* Crim. Code 426, 427; 113 N. Y. 540; 21 N. E. 717; 3 Labatt, M. & S. 912; 89 S. C. 505. *No necessity to warn plaintiff:* 72 S. C. 240; 55 S. C. 483; Labatt, M. & S. 1155, 1156, 1157; 29 L. R. A. (N. S.) 111 and note; 29 Okla. 351; 116 Pac. 908; 84 S. C. 287; 86 S. C. 229. *Foreman under whom plaintiff worked was a fellow servant:* 78 S. C. 381; 97 S. C. 410; 72 S. C. 243. *Plaintiff's capacity a question for Court, not jury:* 76 S. C. 539, 547; Labatt, M. & S., sec. 1203, 1204. *Should be held to have assumed risks:* 72 S. C. 346; 86 S. C. 116; *Ib.* 69; 80 S. C. 238; 86 S. C. 229; 61 S. C. 468, 478; 70 S. C. 242; 85 S. C. 371, 372. *Where the effect of error in charge is doubtful it will be treated as prejudicial:* 11 Enc. Pl. & Pr. 146, 148, 188; 1 Bricket, Sack, Instructions, secs. 191, 174; 91 S. C. 235; 96 S. C. 16; 98 S. C. 52; 98 S. C. 272. *Duty to declare the law:* Const., art. V, sec. 26.

*Mr. J. R. Martin,* for respondent, cites: *As to contributory negligence:* 87 S. C. 464; 70 S. C. 242; 76 S. C. 545. *Assumption of risks:* 80 S. C. 349; 87 S. C. 464-465. *Reliance on direction of superior:* 90 S. C. 424; 89 S. C. 390; 85 S. C. 93; 81 S. C. 15; Crim. Code 427. *Charge:* 91 S. C. 542; 96 S. C. 16; 98 S. C. 272.

September 11, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Forrest Newsom, a boy between thirteen and fourteen years of age, was employed in appellant's mill as a sweeper.

On the morning of the injury, he was sweeping not only his own section, but the section of another sweeper, who was that day out of the mill.

There is evidence to show that Mr. Whisnant was overseer of the section assigned to the absent sweeper. That after Newsom had finished his sweeping and was talking to another employee, Mr. Whisnant called him to get a bag and help in the cleaning of the machines in Mr. Whisnant's section. These machines were cleaned only at long intervals, not oftener than four times a year. Some of the operatives who had been in the mill for years said they had never seen them cleaned. In order to clean the machines an iron door was opened, exposing the gear, and a broom was put into the machine through the open door, and the loose cotton was swept from the machine through the door. The plaintiff was holding a bag at the open door to catch the refuse as it was swept from the machine.

Mr. Whisnant was a new man in his position. He stopped the first two machines while he was cleaning them. He then, under the advice of another operative, undertook to clean the machines while they were in motion. After cleaning several moving machines, he left Newsom at an open door to close another door, and Newsom saw a piece of cotton inside of the machine and undertook to pick it up with his hand. Newsom's hand was caught and severely injured.

For the injury, the plaintiff, Newsom, brought this action for actual and punitive damages, under the following allegations:

"That on the said date the plaintiff, Forrest B. Newsom, was ordered, directed and requested by his overseer, under and for whom he had been working in capacity aforesaid for about two days in said mill, to aid and assist in the cleaning of spinning frames while same were in operation;

the plaintiff, Forrest B. Newsom, was by said overseer ordered and directed to drag along and beneath said spinning frames a sack upon which the waste from said frames was to be placed, and to gather up the fragments of said waste which had collected on or about said spinning frames, said overseer opening the casings which covered and protected inner gearing of said machines for the purpose of having collected waste which had accumulated on inner gearing thereof; said plaintiff while engaged in picking off said fragments of waste and lint from said machine without knowledge of gearing and without knowledge of the complicated arrangement of gearing upon said spinning frame, and plaintiff being a minor of tender years and not having engaged in this work before, this not being in the course of his required employment and not having been warned by said overseer, and part of casing being closed so as to cut off light and rendering the place in which plaintiff was at work dark and obstructing the view so that the cogs and gearing therein were hidden and unobserved by plaintiff, his left hand was caught inside gearing which was partially covered and was hidden in a box-like casement within base of said machine, his hand terribly lacerated and bruised, torn and crushed by said machine, necessitating amputation of his three middle fingers and heart of his hand to wrist joint, killing the nerves of little finger upon said hand so as to leave it in a withered and emaciated condition, causing plaintiff to suffer intense pain, both in body and mind, and rendered him maimed and crippled for life."

"That the aforesaid injuries resulted from and were caused by the negligent and reckless acts of the defendant, F. W. Poe Manufacturing Company, in changing Forrest B. Newsom's employment from that of reasonably safe to that of dangerous and hazardous for one of his age and experience; in ordering and directing plaintiff, an immature infant, to work in and upon a dangerous machine; in failing to furnish plaintiff with a reasonably safe place in which to

work, in that it placed him, an infant in his inexperience, in
close proximity to uncased cogs and gearing while the same
was in motion; in failing to warn plaintiff, an infant of
tender years and inexperience, of the dangers incident to
work which he was ordered and directed to do; in ordering
and permitting plaintiff, a minor of tender years, to clean
machinery while in operation; in ordering and permitting
plaintiff, a minor of tender years, to clean machinery while
in operation contrary to the published rules of the defend-
ant, F. W. Poe Manufacturing Company, and also contrary
to the statutory law of South Carolina; and in failing to
provide plaintiff with competent and efficient overseers;
whereby reason of the aforesaid negligence and reckless-
ness of the defendant, F. W. Poe Manufacturing Company,
plaintiff has been damaged in the sum of ten thousand
($10,000.00) dollars and for the costs of this action."

The verdict was for the plaintiff and defendant appealed.
There are six exceptions.

The first and second exceptions raise the same questions
and are in almost the same words.

The first complains of error in refusing to direct
a verdict for the defendant, and the second complains
of error in refusing a new trial on the same grounds.

This Court would suggest to counsel that this practice,
which is very common, is an unnecessary encumbrance of
the record. When a motion to direct a verdict is made,
the party has preserved his rights to have the questions
made on that motion decided here. A refusal of the motion
for a new trial based upon the same grounds, adds nothing
to appellant's rights, unless there is something new to bring
to the attention of the trial Court. Mercy to a trial Judge
would suggest that unnecessary motions should be omitted.
No reflection on the able counsel in this case is intended.
The practice of making motions for a new trial, on grounds
already elaborately argued, seem well-nigh universal. The
omission of useless motions might do much to relieve con-

6—102

gested dockets and be a great relief to tired lawyers and Judges on Circuit.

1. "First. It is submitted that his Honor erred in refusing the motion for a directed verdict upon the grounds stated, to wit:

(a) That there was no evidence of negligence on the part of the defendant operating as a proximate cause of the plaintiff's injury, and the only reasonable conclusion to be drawn from the testimony is that there was no negligence on the part of the defendant operating as a proximate cause of plaintiff's injury.

(b) In that the evidence is susceptible of only one conclusion in regard to plaintiff's negligence, which is that the plaintiff was guilty of negligence which contributed as a proximate cause of the injury.

(c) In that the evidence is susceptible of only one conclusion, which is that the risk was plain and obvious, and was apparent to the plaintiff, and was assumed by him.

(d) In that there was no evidence of negligence or wilfulness on the part of the defendant."

(a) A violation of a rule is negligence. Rule 3 reads: "Operatives are positively forbidden to clean any part of machinery while in motion. The company will not be responsible for accidents or injury to persons who do not strictly observe this rule." Mr. Whisnant, the overseer, opened and cleaned the machinery while it was in motion, in violation of the rule. He had the right, and it was his duty, to open and clean the machinery. He did so in violation of the rule and did so negligently, as a matter of law.

(b) Contributory negligence. The plaintiff was under fourteen years of age and his liability for contributory negligence was a fact for the jury. It is insisted that the record, by plaintiff's intelligent answers, shows this capacity. It is still a question for the jury. *Tucker* v. *Buffalo Mills,* 76 S. C. 546, 57 S. E. 626.

(c) Danger was plain and obvious. The plaintiff said he saw only two wheels. The evidence shows that there were several. There was evidence that the light was insufficient to see clearly. What the plaintiff saw, or ought to have seen, under the circumstances, was a question for the jury. There was conflicting testimony and the question of contributory negligence was a question for the jury.

(d) We have seen that there was evidence of negligence. As to wilfulness, not only did the rule forbid the cleaning of machinery while in motion, but Mr. Whisnant admitted that he had been warned not to clean machinery while in motion. There was testimony to show that the plaintiff was working under Mr. Whisnant. Mr. Whisnant testified as follows:

"Q. Did you read the rules to him? A. No, sir. Q. Well, it is against the rules to clean machinery while it is in motion, you know that? Will you say that it is not? A. I don't know. Q. Will you tell the jury that you, as section man, have never read the rules? A. I never have read them in the Poe Mill. Q. And there you were performing the duties of a section man with people working under you, and you have never read the rules? A. No, sir."

This Court cannot say that there was no evidence of reckless disregard of the rights of the plaintiff, when he went in the mill to do, as the evidence shows, the comparatively safe work of a sweeper and is put to work under a superior who, not only does not know the rules, but has never read them. A man who calls upon him to work outside of his usual duties and places him at a place made dangerous by himself and leaves the boy there.

The first and second exceptions cannot be sustained.

2. Third. "It is submitted that his Honor erred in charging the jury that if the plaintiff consciously and knowingly, contrary to the statutory laws of the State, ordered the

plaintiff to do the work as alleged in the complaint, that they might find not only compensatory damages, but also punitive damages; it being submitted that there was no evidence that the defendant had ordered the plaintiff to clean the machinery while in motion, and that there was no ground, under the evidence, for the allowance of punitive damages."

Under this exception we will consider the appellant's position, that section 427, Crim. Code 1912, does not forbid the work in which the plaintiff was engaged. · That section reads:

"It shall be the duty of each corporation or other employer to place in one or more conspicuous places in each room of the factory in which any children under fourteen years of age are employed, a notice or notices to the effect that said children are forbidden to clean any gears, cams or pulleys, or to clean in dangerous proximity thereto, while the same are in motion by aid of steam, water, electricity or other mechanical power; and no such employer, or its officers, superintendents, overseers or agents shall knowingly or wilfully permit or consent to such children so cleaning the said moving parts; and any officer, superintendent, overseer or agent violating the provisions of this section shall be punished by a fine of not less than fifty nor more than one hundred dollars for each offense."

The position is, that as this is a penal statute, it must be strictly construed; the statute does not declare it unlawful, but requires the posting of a notice.

The position is, that while remedial statutes are liberally construed, penal statutes must be strictly construed.

We find in Potter's Dwarris on Statutes, p. 246: "Penal statutes are taken strictly and literally, only in the point defining and setting down the *crime* and the *punishment* and not generally in 'words that are but circumstances and conveyance in putting of the case.' "

A statute may be both remedial and penal. In construing such a statute, the Courts should construe that position that applies to the enforcement of the remedy, liberally.

In the enforcement of the penalty, a strict construction should be given. The remedy must not be destroyed by the penalty, if practicable. We are now on the civil side of the Court. The statutes say that the corporation shall post a notice that children under fourteen years of age are forbidden to clean gear or to clean in dangerous proximity thereto, while the same are in motion.

The legislature must not be held to require a false notice to be posted, but to have intended by that act to make the act of cleaning moving machinery or cleaning on dangerous proximity thereto, by children under fourteen years of age, unlawful. If Mr. Whisnant were indicted for the offense, the penal feature might fail. We are not deciding that it would fail.

This exception cannot be sustained.

3. "Fourth. He erred in charging the jury that if plaintiff was injured through a violation of the statutory law, they should find for the plaintiff such damages as they thought him entitled to as compensation for his injury. It is submitted that by this charge he excluded from the consideration of the jury the defense of contributory negligence in case they should conclude that the statute had been violated by the defendant."

This would be reversible error if his Honor had not charged the jury plainly, subsequently, that contributory negligence would defeat the plaintiff's right of recovery without making any allowance for the effect of wilfulness.

4. "Fifth. He erred in telling the jury, in substance, that if they concluded that the defendant had been guilty of wantonness or wilfulness they could allow punitive damages; whereas, there is no evidence of wantonness or wilfulness on the part of the defendant."

There is evidence from which the jury might have inferred a wantonness and wilfulness.

5. "Sixth. The defendant, having submitted certain requests touching the burden of proof, contributory negligence, and the assumption of risk, all of which contained sound propositions of law, and were applicable to the case, his Honor erred in charging the jury in connection with said requests that if they should take the defendant's view of the testimony, the defendant's law (meaning the requests), which was good law, but he did not know which view they were going to take, and it depended upon what view they took as to whether it would be applicable. The Judge thereby allowed the jury to say whether or not the requests thus charged applied to the case."

It is frequently necessary for the Judge to charge the law and allow the jury to apply it according to the facts as they find them. It is necessary in both the criminal and civil Courts.

A familiar illustration is in homicide cases, where the Judge must charge the jury as to murder, manslaughter, self-defense, misadventure and insanity. The jury find the facts and apply the law. On the civil side of the Court, the question might arise as to whether the plaintiff was engaged in interstate or intrastate commerce. The Judge should charge the jury as to both and tell the jury to apply the law as they found the fact. This exception can not be sustained.

The judgment is affirmed.