## 10146

### NEWSOM v. F. W. POE MFG. CO.

(98 S. E. 142.)

1. MASTER AND SERVANT— CONTRIBUTORY NEGLIGENCE— QUESTION FOR JURY.—Whether a 14-year-old employee was guilty of contributory negligence when injured by putting his hand inside a machine which he was helping to clean, in order to remove cotton, is a question for the jury.

2. MASTER 'AND SERVANT — INJURY TO SERVANT — CLEANING MOVING. MACHINERY.—Evidence *held* to show that a 14-year-old servant was directed to clean moving machinery in which he was caught and injured.

3. TRIAL—INSTRUCTIONS—REQUESTS.—In an action by a father against. employer for loss of services of minor son, an instruction that it was the duty of the servant to obey the orders of the master was in general correct, and if defendant wished a further instruction, he should have requested it.

4. MASTER AND SERVANT—MINOR SERVANT—WARNING.—The master is held to a stricter account to a servant of tender years than to an adult, since the master is required to warn such servant of dangers.

5. TRIAL—INSTRUCTION—CONSTRUCTION WITH OTHER INSTRUCTIONS.—An instruction that the duty of the master to furnish a safe place to work is nonassignable, and that it would be liable for any injury resulting to the servant from working in an unsafe place at the direction of any one authorized by the master, was not error, where there was a further instruction that, if the danger was open and a person of ordinary prudence would have seen it, then the blame was on the 14-year-old servant, and not the master.

6. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—VIOLATION OF MASTER'S RULES AND OF STATUTE.—Where a minor servant was by the direction of one authorized by the master, employed at cleaning moving machinery, such, being in violation of the master's rules and of the statute, was negligence as a matter of law.

NOTE.—As to failure to warn being proximate cause of injury, see notes in 3 A. L. R. 1029 and 4 A. L. R. 478.

Before Wilson, J., Greenville, Spring term, 1918.    Affirmed.

Action by K. E. Newsom against the F. W. Poe Manufacturing Company.    Judgment for plaintiff, and defendant appeals.

*Messrs. Haynsworth & Haynsworth,* for appellant, submit: *No negligence to employ minor about a dangerous place:* 113 N. Y. 540; 21 N. E. 717; 3 Labatt Master and Serv., sec. 912, note.    *There is no duty upon the employer to warn minors as to risks which they presumably comprehend:* 3 Lab., sections 1155-6-7; 55 S. C. 483; 102 S. C. 488. *The servant is not obliged to obey an order which would obviously subject him to danger, and if he does obey such an order he is guilty of contributory negligence:* Labatt Master and Servant, vol. IV, sec. 1367; 82 S. C. 542; 85 S. C. 371.    *The employer of a servant of tender years is not liable regardless of circumstances, but it is a question for the jury whether the servant has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury:* 121 S. W. 886; Labatt Master and Servant, vol. III, sec. 912; (N. Y.) 21 N. E. 717; 113 N. Y. 540; (Wis.) 83 N. W. 360.    *It was error to charge the jury as follows: "One of the nonassignable duties of the master is to furnish a safe place to work, and the master would be liable for any injury resulting to the servant from working in an unsafe place at the direction of anyone authorized by the master, either directly or indirectly, to assign the servant to such a place of labor."    It being submitted that by said request the master is charged with liability, irrespective of the question of his negligence, and irrespective of the question as to whether the servant might not have assumed the risks involved:* 76 S. C. 457.

*Messrs. Martin & Henry,* for respondent, submit: *His Honor committed no error in refusing to direct a verdict for*

*defendant as to the cause of action based upon fitfulness:* 102
S. C. 77; 96 S. C. 276; 27 S. C. 456; 81 S. C. 20; 76 S. C.
549; 95 S. C. 138; Criminal Code, sec. 427; 107 S. C. 129;
88 S. C. 14; 92 S. C. 76; 94 S. C. 309.  *It was a question
for the jury to say if there was contributory negligence in
the first place, and then, if Newsom was endowed with men-
tality making him capable of the act of contributory negli-
gence, the burden of proving both of which was on the
defendant:* 76 S. C. 545; 87 S. C. 464, and cases.  *Con-
tributory negligence no defense to a reckless act:* 96 S. C.
276.  *As to the duty of the servant to obey the orders of the
master:* 99 S. C. 255; 4 Labatt M. & S., sec. 1364; 18 R. C.
L. 701; 92 S. C. 557; 25 S. C. 243; Wood M. & S. 224-225;
76 S. C. 549-550; 18 R. C. L. 498, 520, 744-745; (4 Labatt
M. & S. 1364); 26 Cyc. 1243-1244-1245; 76 S. C. 545; 21
L. Ed. 739.  *In charging plaintiff's fifth request, his Honor
merely described negligence, and defined it by way of illus-
tration.  In this there was no error:* 76 S. C. 457; 97 S. C.
412; 3 Labatt M. & S., sec. 913; 80 S. C. 249; 26 Cyc. 1081;
18 R. C. L. 691-692; 76 S. C. 546; 81 S. C. 19-20; 85 S. C.
93; 80 S. C. 569; 78 S. C. 18; 21 U. S. L. Ed. 739.  *Plain-
tiff's tenth request only requires the master to furnish a safe
place.  If master does not do so, and injury proximately
results, the master is liable:* 76 S. C. 454-5; 72 S. C. 130;
101 S. C. 83; 93 S. C. 396; 81 S. C. 203; 71 S. C. 81; 34
S. C. 214; 69 S. C. 387; 35 S. C. 405.  *There was no error
in charging: "The violation by an overseer of a rule pre-
scribed by the master for the protection of its servants in
the operation of its machinery, or of a criminal statute
enacted for that purpose, is negligence per se (that is, negli-
gence in itself), and the master is liable to a servant injured
as the proximate result of the violation of such rule or stat-
ute by his said overseer."* Criminal Code, sec. 427; 102 S. C.
82; 3 Labatt M. & S., sec. 909, and note; 90 S. C. 423; 85
S. C. 471; 96 S. C. 235; Ann. Cas. 1912a, 81; 18 R. C. L.
659 and 660, 552; 12 L. R. A. (N. S.) 754; 12 Am. St.

Rep. 698.    *Defendant's sixth request was for a charge upon facts and not even stated in hypothetical form:* 47 S. C. 523; 58 S. C. 381; 47 S. C. 488; 85 S. C. 483.    *The request was in direct conflict with previously declared by this Court:* 102 S. C. 84 and 85.

February 1, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for personal injury.    It is the second action for the same injury.    The first action was brought by Forest B. Newsom, a minor under 14 years of age, for the injury to himself, and is reported in 102 S. C. 77, 86 S. E. 195.    This action is brought by K. E. Newsom, the father of Forest B. Newsom, for loss of his son's service, etc.

The evidence in the two cases is practically the same, and in the former case is stated:

"Forest Newsom, a boy between 13 and 14 years of age, was employed in appellant's mill as a sweeper.    On the morning of the injury, he was sweeping, not only his own section, but the section of another sweeper, who was that day out of the mill.

"There is evidence to show that Mr. Whisnant was overseer of the section assigned to the absent sweeper; that after Newsom had finished his sweeping and was talking to another employee, Mr. Whisnant called him to get a bag and help in the cleaning of the machines in Mr. Whisnant's section.    These machines were cleaned only at long intervals, not oftener than four times a year.    Some of the operatives who had been in the mill for years said they had never seen them cleaned.    In order to clean the machines an iron door was opened, exposing the gear, and a broom was put into the machine through the open door, and the loose cotton was swept from the machine through the door.    The plaintiff was holding a bag at the open door to catch the refuse as it was swept from the machine."

"Mr. Whisnant was a new man in his position. He stopped the first two machines while he was cleaning them. He then, under the advice of another operative, undertook to clean the machines while they were in motion. After cleaning several moving machines, he left Newsom at an open door to close another door, and Newsom saw a piece of cotton inside of the machine and undertook to pick it up with his hand. Newsom's hand was caught and severely injured."

1. The first and second exceptions complained of error in the refusal of the presiding Judge to direct a verdict as to negligence and wilfulness. There was no error here. The reasons are fully stated in the former case, and need not be restated here.

2. The appellant's fundamental error is contained in its seventh exception, which complains of error in his Honor's failure to charge that the uncontradicted evidence showed that Forest Newsom was not put to work in cleaning moving machinery. The uncontradicted evidence shows that Forest Newsom was put to work in cleaning moving machinery. At the time of the injury Mr. Whisnant and Forest were together cleaning moving machinery. Mr. Whisnant was handling the broom, and Forest was placing the bag to catch the lint that Mr. Whisnant swept from the machine, and Forest was injured in catching the lint which Mr. Whisnant swept from the cogwheels. It was decided in the former case that this was in violation, not only of the rules of the company, but of the statute, and was negligence, and it was negligence as a matter of law.

3. The third exception complains that the trial Judge committed error in charging the jury that it is the duty of a servant to obey the orders of the master. As a general proposition, the charge is correct, and if the appellant desired further instruction, it should have requested it. The charge later qualified the statement.

4. The fourth exception complains of error in that his Honor erred in charging the jury that the master is held to

a stricter account to a servant of tender years than to an adult. There is no error there. The master is required to warn a servant of tender years of the dangers. The appellant's fourth request to charge admits the proposition. That request was: "(4) The master is bound to warn a servant only when the servant, on account of youth and inexperience, does not know the danger attending upon the work."

5. The fifth exception is: "He erred in charging plaintiff's tenth request as follows: 'One of the nonassignable duties of the master is to furnish a safe place to work, and the master would be liable for any injury resulting to the servant from working in an unsafe place at the direction of any one authorized by the master, either directly or indirectly, to assign the servant to such a place of labor'—it being submitted that by said request the master is charged with liability, irrespective of the question of his negligence, and irrespective of the question as to whether the servant might not have assumed the risks involved."

This exception cannot be sustained. His Honor charged the jury that, if the danger was open and a person of ordinary prudence would have seen it, then blame was on the servant, and not on the master.

6. The next complaint was that his Honor erred in charging the jury that it was negligence *per se* to violate the rules of the company. The rules and the statute both forbid the employment of minors in cleaning moving machinery, and it has already been held that it was negligence as a matter of law.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur

MR. CHIEF JUSTICE GARY did not sit.