12171

### DAVIS v. SPARTAN MILLS

(137 S. E., 198)

1. MASTER AND SERVANT—EVIDENCE AS TO INJURY TO MINOR'S FINGER CAUGHT IN MACHINERY WHILE CLEANING GEARS HELD FOR JURY.— In action for injuries to minor while working as spinner in mill as a result of her finger being caught in machinery while cleaning off one of gears, evidence *held* sufficient for submission of case to jury.

2. MASTER AND SERVANT—ASSUMPTION OF RISK AND CONTRIBUTORY NEGLIGENCE ARE FOR JURY.—Assumption of risk and contributory negligence are questions for the jury.

Before FEATHERSTONE, J., Spartanburg, January, 1926. Affirmed.

Action by Dora Davis by her guardian *ad litem,* Mrs. Sine A. Davis, against Spartan Mills. Judgment for plaintiff, and defendant appeals.

*Messrs. Perrin & Tinsley* and *J. Davis Kerr, Jr.,* for appellant, cite: *Assumption of risk:* 80 S. C., 239; 113 S. C., 348; 44 S. C., 442; 115 S. E., 323; 61 S. C., 468. *Contributory negligence:* 80 S. C., 237.

*Messrs. R. A. Hannon* and *Nichols, Wyche & Byrnes,* for respondent, cite: *Servant may rely on orders of superior:* 90 S. C., 423; 68 S. C., 55; 73 S. C., 481; 102 S. C., 77; 112 S. C., 544. *Question for Jury:* 123 S. C., 200.

March 8, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an action to recover damages sustained by the plaintiff, a minor, while working as a spinner in the mill of defendant company. The immediate cause of the injury received by the plaintiff was the fact that her finger was caught in the machinery while cleaning off one of the gears. The plaintiff alleged that she was required to do this cleaning while the machinery was running, and that it was neg-

ligence on the part of the defendant to require one of tender years and inexperience to clean the machinery while in motion. The defendant, answering the complaint, admitted the injury, but denied the other material allegations of the complaint, and set up as special defenses contributory negligence and assumption of risk. The matter came on for trial in the Court of Common Pleas for Spartanburg County before Judge C. C. Featherstone at the January term of Court for Spartanburg County, and resulted in a verdict for the plaintiff in the sum of $1,200. A motion for a new trial was duly entered on the records, and in due course was argued and the motion refused. At the close of all the testimony a motion for a directed verdict was made and refused.

The exceptions, six in number, raise the following issues: Refusal to grant nonsuit and directed verdict; refusal to grant a new trial; the verdict was the result of caprice, etc.

There was no objection to the admission of testimony; no complaint as to the Judge's charge.

There is no doubt under the evidence that it was dangerous to clean the machinery while in motion, and that to do so was in violation of the rule of the company; but, according to the evidence, that rule was often violated, with the knowledge of the "bosses."

Evidence of the plaintiff is that the "boss" over plaintiff was Fowler. Plaitiff testified that Fowler required her to clean the machine while in motion, and required her to start the frames up, or he would run her out. His "boss," McNeely, testified that it was dangerous to clean the machinery while in motion, and, if Fowler told her to clean it while in motion, then he told her to do a dangerous thing.

Under the testimony in the case his Honor committed no error in submitting the case to the jury. Not to have done so would have been to ignore the testimony of plaintiff and her witnesses. It was the duty of the

jury to settle the issues as made by the plaintiff's and defendant's testimony.

In *Mew v. Railway Co.,* 55 S. C., 102 and 103; 32 S. E., 828, we find this from the opinion of Mr. Justice Jones:

"In 14 Eng. Law, 357, the doctrine is laid down: 'If a master or superior orders an inferior into a situation of danger, and he obeys and is injured, the law will not charge him with assumption of the risk, unless the danger was so glaring that no prudent man would have entered into it,' which is supported by citation of cases. Here, then, was another question for the jury, Was the danger or risk in this case so obvious as that no prudent man ought to have entered it? The case of *Thorpe v. Missouri Pacific Railroad Company,* 89 Mo., 650 [2 S. W., 3]; 58 Am. Rep., 120, is in point. In that case it was held that an employee of a railroad company, who had complained to the yardmaster that the work on which he was engaged was unsafe, because enough hands were not furnished to perform it, and who, without any promise from the company to furnish more, continued in the service and was injured, was not negligent, as matter of law. To the same effect is *Patterson v. Pittsburgh, etc., Railroad Co.,* 76 Pa. St., 389; 18 Am. Rep., 412. Whether the matter of assumption of risk by an employee is to be tested by the law of waiver, *Hooper v. Railroad,* 21 S. C., 541; 53 Am. Rep., 691, or the law of negligence, *Bussey v. Railroad,* 52 S. C., 438; 30 S. E., 477, *supra,* in either case, is a question of fact for the jury."

See, also, *Dobson v. Receivers,* 90 S. C., 423; 73 S. E., 879, which holds:

"To show contributory negligence, it is not sufficient that the employee receiving the order should have misgivings, and believe the act required to be hazardous; unless the danger is so imminent and obvious that a man of ordinary prudence would not incur it. If there is ground for reasonable difference of opinion as to the danger, the servant is not bound to set up his judgment against that of his su-

perior, whose orders he is required to obey, but he may rely on the judgment of such superior. The matter is thus well stated by Mr. Justice Holmes in *McKee v. Tourtelotte*, 167 Mass. [69], 68; 44 N. E., 1071, 1072; 48 L. R. A., 542: 'When we say that a man appreciates a danger, we mean that he forms a judgment as to the future, and that his judgment is right. But if against this judgment is set the judgment of a superior, one to whom from the nature of the callings of the two men and of the superior's duty seems likely to make the more accurate forecast, and if to this is added a command to go on with the work and to run the risk, it becomes a complex question of the particular circumstances, whether the inferior is not justified as a prudent man in surrendering his own opinion and obeying the command. The nature and degree of the danger, the extent of plaintiff's appreciation of it, and the exigency of the work, all enter into consideration, and no universal rule can be laid down.' The numerous authorities sustaining this statement of law are collated in the note in *Houston, etc., Railway Co. v. DeWalt*, 96 Tex., 121; 70 S. W., 531; 97 Am. St. Rep., 877.''

Also *Carson v. Railway*, 68 S. C., 55; 46 S. E., 525. *Wilson v. Railway*, 73 S. C., 481; 53 S. E., 968. *Newsom v. Mfg. Co.*, 102 S. C., 77; 86 S. E., 195.

We find in *Barnhill v. Cherokee Falls Mfg. Co.*, 112 S. C., 544; 100 S. E., 152, the following:

"Where the master's fault is the cause of injury to his servant, he is *prima facie* liable, and if he would relieve himself of the consequences, on the ground that the servant assumed the risk, he must show, not only that the servant knew the danger, or that it was so obvious that he should have known it, but also that he comprehended or appreciated it."

Here, the plaintiff, a boy 18 years old, was rolling a wheelbarrow down a gangway on two pieces of timber laid side by side, each ten inches wide. The gangway was over

the river, and the boy fell into the river and was drowned. Nonsuit refused. More than one inference could be drawn from the testimony, although the danger was obvious and apparent. This case is directly in point on the question of assumption of risk.

> *Kell v. Fertilizer Co.*, 123 S. C., 200; 116 S. E., 97, shows that assumption of risk and contributory negligence are questions for the jury.

We see no evidence that the verdict is excessive or the result of caprice. We see no error at all as complained of.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.